State of N.Y. ex rel. Rd Litig. Assoc., LLC v Amazon.com, Inc. (2025 NY Slip Op 02174)

State of N.Y. ex rel. Rd Litig. Assoc., LLC v Amazon.com, Inc.

2025 NY Slip Op 02174

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Webber, J.P., Friedman, Kapnick, Rodriguez, Rosado, JJ. 

Index No. 100015/16|Appeal No. 4103|Case No. 2023-04640|

[*1]State of New York ex rel. Rd Litigation Associates, LLC, Appellant,
v
Amazon.com, Inc., et al., Respondents. Anti-Fraud Coalition, City of Rochester and State of New York. Amici Curiae.

Aurelian Law PLLC, Rochester (Brian M. Feldman of counsel), for appellant.
Morgan, Lewis & Bockius LLP, Houston, TX (William R. Peterson of the bar of the State of Texas, admitted pro hac vice, of counsel), for Amazon.com, Inc., Amazon.com, LLC, Amazon Fulfillment Services, Inc., and Amazon.com Services, LLC, respondents.
Baker & McKenzie LLP, New York (William H. Devaney of counsel), for Best Buy Co., Inc., Best Buy Stores, L.P., Best Buy.com, LLC, Target Corporation and Adorama, Inc., respondents.
Whistleblower Partners LLP, New York (Hamsa Mahendranathan of counsel), for Anti-Fraud Coalition, amicus curiae.
University at Buffalo School of Law, Buffalo (Carina H. Schoenberger of counsel), for City of Rochester, amicus curiae.
Letitia James, Attorney General, State of New York, New York (Ester Murdukhayeva and Cleland B. Welton II of counsel), for State of New York, amicus curiae.

Order, Supreme Court, New York County (James d'Auguste, J.), entered August 18, 2023, which granted defendants' motions to dismiss the complaint asserting claims under the New York False Claims Act, unanimously modified, to deny the motion as to claims against the Amazon defendants concerning vendor-powered coupons, and otherwise affirmed, without costs.
In this qui tam action, the court correctly held that the prior ruling on the separately indexed superseding complaint filed by the State against one of the named defendants (see People v B&H Foto & Elecs. Corp., 2021 WL 4290692 [Sup Ct, NY County 2021]) has collateral estoppel effect precluding re-litigation of those same issues in this action by relator against the other defendants. The instant complaint asserts claims relating to the tax treatment of "Instant Savings" promotional programs that are the functional equivalent of those addressed in the ruling on the State's superseding complaint. We decline, in this case, to find that the exception to collateral estoppel created by United States v Mendoza (464 US 154, 160 [1984]) and its progeny, which provides that nonmutual collateral estoppel may not be applied to limit the federal government's relitigation of certain issues, extends to state and local governments, or that the exception should be extended to allow qui tam relators to relitigate identical issues in a subsequent action against residual defendants that were decided against the State in its prior, superseding action (see generally United States ex rel. Gage v Rolls-Royce N. Am., Inc., 760 Fed Appx 314, 317 [5th Cir 2019]; DeCastro v City of New York, 278 F Supp 3d 753, 764, n 13 [SD NY 2017]).
Were we to consider the merits of the prior substantive tax law ruling, we would find that the court correctly found that under the tax law applicable during the relevant time frame, the instant savings allowances were not taxable receipts. This is confirmed by amendments to the tax law passed in 2021 that clarified and codified the definition of receipt in a manner consistent with defendants' position (see L. 2021, ch 413).
The court, however, should not have dismissed the relator's claim against the Amazon defendants that were based on the failure to properly pay sales tax on reimbursements from vendor-powered coupons. Relator adequately alleged the elements of the claim, including scienter (see People v Sprint Nextel Corp., 26 NY3d 98, 113 [2015], cert denied 578 US 1012 [2016]; State of N.Y. ex rel. Edelweiss Fund, LLC v JP Morgan Chase & Co., 189 AD3d 723, 724 [1st Dept 2020]), and the documentary evidence proffered by Amazon does not conclusively establish that the sale-for-resale defense is properly applied here (see e.g. Holder v Jacob, 231 AD3d 78, 88 [1st Dept 2024]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025